FILED
2011 Mar-14  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CELESTINE LASTER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  2:08-cv-01478-HGD |
| | ) | |
| SECRETARY OF DEPARTMENT | ) | |
| OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION**

The above-entitled civil action is before the court on the motion for summary judgment filed by defendant.  (Doc. 15).  The parties have consented to the exercise of jurisdiction by the magistrate judge in accordance with the provisions of 28 U.S.C. § 636(c) and Rule 73, Fed.R.Civ.P.

Plaintiff, Celestine Laster, *pro se*, filed a complaint against her employer, the United States Department of Veterans Affairs (the VA), alleging that she was subjected to discrimination based on her age (plaintiff was born in 1949) and race (African-American).  (Doc. 1, Complaint).

Plaintiff was a GS-5 medical clerk and receptionist for the VA. In her complaint, plaintiff alleges that in April 2005, while she was employed by the VA, she was subjected to discrimination when she received verbal and written counseling and reprimands for various acts, including eating and drinking in the clinic work area, playing a radio and reading a newspaper at her desk, and failing to report for work at the proper time. (Doc. 1, Complaint, at ¶¶ 9-11). She also alleges that she was discriminated against in May 2005 when she had to handle the front desk by herself while another employee "left at various periods." (*Id.* at ¶ 13). Finally, she alleges that between April 2004 and May 2005 she was subjected to a hostile work environment based on various events (*id.* at ¶ 14) and that in the Spring of 2005, she was forced to take one month of leave due to stress and the hostile and discriminatory work environment. (*Id.* at ¶ 12).

Defendant filed a motion for summary judgment (Doc. 15) and a brief and evidentiary material in support of the motion (Docs. 16 & 17). Plaintiff has not responded to this motion.

During the period relevant to this suit, plaintiff was directly supervised by Annette Wyatt. Like plaintiff, Wyatt is African-American. Wyatt is one of the alleged discriminating officials in this case. Tawana Johnson was a charge nurse at

the VA hospital during the relevant time period.  She is also the same race as plaintiff and is the other alleged discriminating official.

## Paragraph 9

Plaintiff alleges in paragraph 9 of her complaint that she was discriminated against on the basis of race and age when, in mid-April 2005, she was verbally reprimanded for having tennis shoes in her desk drawer, eating and drinking in the work area, playing a radio, and reading a newspaper at her desk.  Johnson testified that she observed these actions by plaintiff and that such behavior was inappropriate. (Doc. 17-5, Johnson Sworn Statement, at 11-14).  Wyatt explained that plaintiff was counseled about repeated behavior, including reading and eating, which was inappropriate, especially when patients were present.

The verbal counseling complained of by plaintiff in paragraph 9 did not result in any disciplinary action against her.  (Doc. 17-1 and 17-2, Laster Depo., at 27). Additionally, contrary to her claim that this incident was the result of race or age discrimination, plaintiff testified that the reason she was harassed by Wyatt and Johnson was because they were upset with her for complaining about one of their friends having an affair with a married co-worker.  (*Id.* at 17-22, 31-32, 44-45, 106-07, 111, 117-18).

Case 2:08-cv-01478-HGD   Document 20   Filed 03/14/11   Page 4 of 12

**Paragraph 10**

In paragraph 10 of her complaint, plaintiff alleges that she was discriminated against based on her race and age when, on April 19, 2005, she received written counseling for failing to report to work on time on April 11, 2005.  (Doc. 1, Complaint, at ¶ 10).  She received a written counseling for this incident but was not subjected to any further discipline.

Plaintiff testified that she did not recall the specific facts concerning the April 19, 2005, counseling or the reason she came in late on April 11, 2005, but that there were times when she had medical appointments and would come in late.  She also stated that if she came in late and it was her break time, she would go ahead and take her break before reporting to work.  However, Wyatt requested that she not take breaks immediately after arriving at work.  (Doc. 17-1 and 17-2, Laster Depo., at 31-32).

**Paragraph 11**

During her deposition, plaintiff testified that paragraph 11 of her complaint refers to the same incident previously described in paragraph 9 of her complaint.  (*Id.* at 42).  As noted above, no significant discipline resulted from this incident.

Page 4 of  12

**Paragraphs 12 and 13**

During her deposition, plaintiff testified that the incident complained about in paragraph 12 and in paragraph 13 are one and the same. (*Id.* at 61).  Regarding this incident, plaintiff testified that one day in May 2005, while the office was particularly busy with patients, one of her co-workers took several breaks causing the front desk to back up with patients.  Plaintiff complains that she requested Wyatt or Johnson to allow her to go see her union representative but that she was told she could not go until her break time.  She further states that, because of the pressure of that afternoon, she had to take a leave of absence "for a month or so." (*Id.* at 54-58).

According to Johnson, on that particular day, plaintiff had two other co-workers, both of whom checked in more patients that plaintiff and one of whom checked in 26 patients compared to plaintiff, who checked in only 9. (Doc. 17-5, Johnson Sworn Statement, at 32-33).  No significant job action was taken against plaintiff with regard to this incident.

**Paragraph 14**

In this paragraph, plaintiff alleges that she was subjected to a hostile work environment based on several incidents which, according to plaintiff, occurred between April 2004 and May 2005.  According to plaintiff, on April 8, 2004, she had a conversation with Wyatt and Johnson wherein Johnson told plaintiff that she should

not discuss office business with persons outside the office and, after plaintiff responded that Johnson should mind her own business, Wyatt admonished plaintiff not to talk to Johnson in that manner.  (Doc. 17-1 and 17-2, Laster Depo., at 62-66).

Regarding an incident that allegedly occurred in November 2004, plaintiff stated in her deposition that she was referring to an incident wherein Johnson and Wyatt showed a letter plaintiff had written, complaining about a female employee having an affair with another married employee, to that married employee.  (*Id.* at 72-73).

Plaintiff testified that the January 14, 2005, incident referred to in paragraph 14 in her complaint involved an occasion where she and a co-worker got into a verbal argument over the posting of a Bible verse in the office, and Wyatt allegedly gave her a written reprimand for doing so.  Plaintiff admitted that there were patients in the clinic at the time she and the co-worker were engaged in the verbal altercation.  (*Id.* at 73-82).[1]

Regarding the February 2005 incident referred to in paragraph 14 of her complaint, plaintiff testified that she was not sure what this incident was about but

---

[1] Plaintiff's answers to questions tend to be long, rambling, and often somewhat unfocused responses to questions placed by counsel for the defendant.  Thus, it is often necessary to refer to several pages of deposition text to cover the entire answer given by plaintiff to a number of questions.

guessed that it might be an occasion wherein Wyatt called plaintiff into her office and told her that another employee had complained about plaintiff calling his house and talking to his wife. The other employee was the married man allegedly involved in an affair with a female co-employee about which plaintiff previously had complained. (*Id.* at 82-92).

With regard to the April 2005 and the April 12, 2005, incidents referenced in paragraph 14 of plaintiff's complaint, plaintiff testified that these incidents refer to occasions when she had come in late and, instead of immediately going to work, had either taken her morning break or her lunch break. Plaintiff testified that Wyatt told her that she should not take a morning break or a lunch break immediately after coming to work. (*Id.* at 92-96).

Regarding the second April 2005 incident referenced in paragraph 14 of her complaint, plaintiff testified that this refers to an occasion when she was on the telephone with Wyatt and Wyatt believed that plaintiff had deliberately hung up on her. Wyatt threatened to charge plaintiff with insubordination for this incident but never did so. (*Id.* at 97-103).

Regarding the remaining incidents referenced in paragraph 14 of her complaint, plaintiff testified that those incidents concerned the same issues which have previously been set out above. There was no substantial discipline taken against

plaintiff with regard to any of the incidents referenced in paragraph 14 of her complaint.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Smith v. Allen*, 502 F.3d 1255, 1265 (11th Cir. 2007) (quotation marks and ellipsis omitted). Rule 56(e) of the Federal Rules of Civil Procedure provides:

> **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > (1) give an opportunity to properly support or address the fact;
> >
> > (2) consider the fact undisputed for purposes of the motion;
> >
> > (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> >
> > (4) issue any other appropriate order.

Moreover, while "[a]ll reasonable inferences arising from the evidence must be resolved in favor of the non-movant, [ ] inferences based upon speculation are not reasonable." *Marshall v. City of Cape Coral, Fla*., 797 F.2d 1555, 1559 (11th Cir. 1986).

Plaintiff did not respond to defendant's properly supported motion for summary judgment.  In cases involving alleged racial bias in the application of discipline for violation of work rules under Title VII, plaintiff, in addition to being a member of a protected class, must show either (a) that she did not violate the work rule or (b) that she engaged in misconduct similar to that of a person outside the protected class and that the disciplinary measures enforced against her were more severe than those enforced against the other persons who engaged in similar misconduct. *Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989).

In order to establish a *prima facie* case of age discrimination, plaintiff must show that she (1) was a member of the protected group of persons between the ages of 40 and 70, (2) was subject to adverse employment action, (3) was replaced with a person outside the protected group, and (4) was qualified to do the job. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989), *cert. dismissed*, 493 U.S. 1064, 110 S.Ct. 884, 107 L.Ed.2d 1012 (1990).  *See also Mitchell v. Worldwide Underwriters Ins. Co.*, 967 F.2d 565, 566 (11th Cir. 1992).

Plaintiff cannot prevail on any of her claims of either age or race discrimination because she cannot demonstrate that she was subject to disciplinary action that qualifies as an adverse employment action. The Eleventh Circuit has stated that "not all conduct by an employer negatively affecting an employee constitutes adverse employment action," *Davis v. Town of Lake Park, Fla*., 245 F.3d 1232, 1238 (11th Cir. 2001), and that to prove an adverse employment action "an employee must show a serious and material change in the terms, conditions, or privileges of employment." *Id.* "Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Id.* at 1239.

Under the standard articulated in *Davis*, Laster cannot establish that her written reprimands constitute an adverse employment action needed for a *prima facie* disparate treatment case. The written reprimands did not lead to any tangible harm in the form of lost pay or benefits. *See Davis*, 245 F.3d at 1240-41. Moreover, there is no evidence that Laster was denied job promotions or other tangible benefits as a result of the written reprimands. Furthermore, if the written reprimands do not constitute adverse employment actions, it is clear that the verbal counseling events also are not adverse employment actions as required for a *prima facie* case.

In addition, plaintiff has not shown that she did not violate the work rules that were the basis of the reprimands.  Nor has she shown that she engaged in misconduct similar to that of a person outside the protected classes and that the disciplinary measures enforced against her were more severe than those enforced against other persons who engaged in similar misconduct.

Likewise, in order to prove a claim for a hostile work environment, a plaintiff must "demonstrate that the actions of the defendants altered the conditions of the workplace, creating an objectively abusive and hostile atmosphere." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1521 (11th Cir. 1995).  Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (internal quotation marks omitted).

Plaintiff has failed to put forth any evidence that she was subjected to a hostile environment which violated any constitutionally-protected right.  According to plaintiff's own testimony, she believed the reason Wyatt and Johnson treated her as they did was that they were upset with her for complaining about a co-worker who was allegedly involved in an affair with another married co-worker.  This is not

discrimination based on age, race or any other unconstitutional animus. Therefore, summary judgment is appropriate, and defendant's Motion for Summary Judgment is due to be granted.

A separate Final Judgment in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 14th day of March, 2011.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE